UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 1:12-cv-01744 - LJO - JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES |
| v. | |
| YISA GARCIA, | (Doc. 17) |
| Defendant. | |

Joe Hand Promotions, Inc. ("Plaintiff") seeks an award of attorneys' fees and costs pursuant to 47 U.S.C. § 553. (Doc. 17). Defendant Yisa Garcia, individually and doing business as Carthage Café and Hookah Lounge ("Defendant") has not opposed the motion.

The Court reviewed the motion and supporting documents and determined the matter was suitable for decision without oral argument. Accordingly, the matter was taken under submission pursuant to Local Rule 230(g) on May 29, 2013. For the following reasons, the Court recommends Plaintiff's motion be **GRANTED**.

**I.    Factual and Procedural History**

Plaintiff alleged it possessed the exclusive rights to the nationwide commercial distribution of "Ultimate Fighting Championship 137: BJ Penn v. Nick Diaz" ("the Program"), televised on October 29, 2011. (Doc. 1 at 4). Plaintiff asserted Defendant intercepted and broadcast the Program without the permission of Plaintiff. *Id.* at 2. Accordingly, Plaintiff filed its complaint against Defendant on

1

1  October 25, 2012, alleging violations of 47 U.S.C. § 605, *et seq.*; 47 U.S.C. § 533, *et seq.*; and the
2  California Business and Professions Code § 17200, *et seq*.  In addition, Plaintiff alleges Defendant is
3  liable for wrongful conversion of property, arising under California State law.  *Id.* at 4-8.

4        Plaintiff was served with the complaint, but failed to respond within the time prescribed by the
5  Federal Rules of Civil Procedure.  Upon application of Plaintiff, default was entered against Defendant
6  pursuant to Fed. R. Civ. P. 55(a) for her failure to answer on January 31, 2013.  (Docs. 6-7).  Plaintiff
7  filed an application for default judgment (Doc. 9), which was granted by the Court on April 11, 2013.
8  (Docs. 14-15).  Accordingly, judgment was entered in favor of Plaintiff.  (Doc. 16).

9        The Court ordered Plaintiff to "file any application for attorney fees and costs pursuant to 47
10 U.S.C. § 605 no later than fourteen days from the entry of judgment."  (Doc. 15 at 2).  On April 25,
11 2013, Plaintiff filed the motion for attorneys' fees and pursuant to 47 U.S.C. § 553, which is now
12 pending before the Court.[1]  (Doc. 17).

13 **II.     Legal Standard**

14       The Court has the discretion to award reasonable attorneys' fees and costs to an aggrieved party
15 under 47 U.S.C. § 553(c)(2)(C).[2]  The Ninth Circuit utilizes a "lodestar" method to compute reasonable
16 attorneys' fees, which represents the number of hours reasonable expended multiplied by a reasonable
17 hourly rate.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing *Caudle v.*
18 *Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d
19 359, 363 (9th Cir. 1996)).  Consequently, "counsel bears the burden of submitting detailed time records
20 justifying the hours claimed to have been expended."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205,
21 1210 (9th Cir. 1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  If the documentation of
22 hours is inadequate, or if the hours expended are excessive and unnecessary, the Court may reduce the
23 number of hours claimed.  *Chalmers*, 796 F.2d at 1210; *Hensley*, 461 U.S. at 433.

---

[1] Because Plaintiff has filed the motion pursuant to § 553, the Court presumes Plaintiff has elected to forego the mandatory recovery of fees and costs provided in § 605, which instructs: "[The court] *shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added); *see also Joe Hand Promotions, Inc. v. White,* 2011 U.S. Dist. LEXIS 148057, at *6 (N.D. Cal. Dec. 6, 2011) ("Although fees under Section 605 are mandatory, fees under Section 553(c)(2)fees are discretionary and awarded where reasonable").

[2] Because judgment has been entered in favor of Plaintiff for Defendant's wrongful broadcast of the Program, it is undisputed that Plaintiff is an aggrieved party pursuant to §§ 605 and 553.

### III. Discussion and Analysis

#### A. Attorneys' Fees

Plaintiff requests an award of fees in the amount of $1,707.75. (Doc. 17 at 5). Plaintiff's counsel, Thomas Riley, reports that his firm spent 10.22 hours in this action, from the preparation of an initial demand letter to the filing of the motion now pending before the Court. (Riley Decl. Exh. A, Doc. 17-1). This amount includes 1.51 hours for Mr. Riley at a rate of $450.00 per hour, 5.00 hours for a paralegal at a rate of $150.00 per hour, and 3.71 hours for an administrative assistant at a rate of $75.00 per hour. *Id.* at 6-7.

##### 1. *Number of hours expended*

As an initial matter, the records indicate Plaintiff seeks fees for the filing and service of documents by an administrative assistant. Such clerical tasks are not compensable because they are subsumed in firm overhead costs. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). The Ninth Circuit explained that "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Id.* (citing *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1545-46 (9th Cir. 1992)); *see also Junes v. Metro. Life Ins. Co.*, 845 F.Supp.2d 1016, 1027 (N.D. Cal. 2012) (disallowing recovery for "filing or retrieving electronic court documents").

Further, the timesheet indicates the administrative assistant and Mr. Riley completed several duplicative tasks. For example, both Mr. Riley and the administrative assistant indicate time spent on January 28, 2012 for preparation of an initial demand letter to Yisa Garcia, although the administrative assistant's time also included service of the letter. (Doc. 17-1 at 5). On June 1, 2012, both the administrative assistant and Mr. Riley spent 0.13 hour on "Initial File Review and File Preparation." *Id*. On October 10, 2012, the administrative assistant conducted "Public Records Research and Review of Defendant Yisa Garcia" for 0.15 hour. *Id.* Mr. Riley seeks 0.10 hour for the same task, on the same day. *Id.* Further, the time records indicate the administrative assistant spent 2.0 hours in preparation, filing, and service of the "Initiating Suit Papers (Complaint, Summons, Certification as to Interested Parties, Civil Cover Sheet," while Mr. Riley spent 1.0 hour in preparation of the same documents. *Id.* Given the clerical and duplicative nature of the tasks completed by the administrative assistant, the Court recommends the time for the administrative assistant be deducted from the fee award.

### 2. Hourly rate

To determine whether the hourly rates requested are reasonable, the Court must examine the prevailing market rates in the relevant community for similar services by "lawyers of reasonably comparable skill, experience and reputation." *Hensley*, 461 U.S. at 433; *Davis*, 976 F.2d at 1545-46. In general, the relevant community is the forum of the District Court with jurisdiction over the matter. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991). Accordingly, the Court must determine whether the hourly rates requested are reasonable within the Eastern District.

The Ninth Circuit explained: "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). Here, Mr. Riley asserts the "rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California." (Riley Decl. ¶ 6, Doc. 17-1 at 2). However, the Central District is not the relevant community. *See Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011) (where a case is tried in the Fresno Division of the Eastern District of California, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate…").

Previously, this Court has determined that $350 per hour is a reasonable hourly rate for "(very) experienced and skilled trial counsel" within the Fresno Division of the Eastern District. *Jadwin*, 767 F. Supp. 2d at 1132; *see also Moreau v. Daily Independent,* 2013 U.S. Dist. LEXIS 29085, 2013 WL 796621 at *3 (E.D. Cal. Mar. 1, 2013) (approving a rate of $350 for attorneys with more than 20 years of experience). Thus, the reasonable hourly rate for an attorney of Mr. Riley's experience is $350.

Plaintiff also requests an hourly rate of $150 per hour for the work performed by a paralegal. (Doc. 17-1 at 2). However, this rate is not in line with the hourly wages of paralegals within the Fresno Division. This Court has determined that $150 per hour is the "established rate" for associate attorneys, and "$75 for paralegals [is] reasonable for litigation performed in this district." *Moreau*, 2013 WL 796621 at *3. Accordingly, the hourly rate for the paralegal should be reduced to be in accord with the amount determined to be reasonable by the Court.

4

B.  Costs

Plaintiff requests an award of costs in the amount of $1,080.00. (Doc. 17 at 5). This amount includes investigative expenses ($625.00), the Court filing fee ($350.00), and the service of process charges ($105.00). (Doc. 17-1 at 7). However, Plaintiff's pre-filing investigation costs are not recoverable. *See Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975) (certain costs were not recoverable because they were "purely investigative in nature"); *Kaiser Industries Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5, 13 (E.D. Mich. 1970) (finding preliminary investigations were not recoverable); *see also Joe Hand Promotions, Inc. v. Be*, 2011 U.S. Dist. LEXIS 124057, 2011 WL 5105375, at *7 (N.D. Cal. Oct. 26 2011) (denying the plaintiff's request for $500.00 in investigative costs); *Joe Hand Promotions, Inc. v. White*, 2011 U.S. Dist. LEXIS 148057, 2011 WL 6749061 (N.D. Cal. Dec. 6, 2011) (same). Consequently, the Court recommends Plaintiff be awarded costs only for the filing fee and service charges, totaling $455.00.

## IV.  Findings and Recommendations

The Court finds an award of fees and costs is appropriate for Plaintiff as an aggrieved party under 47 U.S.C. § 553. However, as set forth above, the amount of time expended on the action appeared excessive given the clerical and duplicative tasks by the administrative assistant, although the hours expended by Mr. Riley and his paralegal appear reasonable. Further, the hourly wages requested by Mr. Riley are not comparable with wages in the Fresno Division of the Eastern District. Therefore, the Court recommends the award be reduced to $903.50—which represents 5.00 hours at a rate of $75 per hour for the paralegal and 1.51 hours at a rate of $350.00 for Mr. Riley. Further, Plaintiff has identified compensable to costs in the amount $455, which brings the total awarded to $1,358.50.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.  Plaintiff's motion for attorneys' fees and costs (Doc. 17) be **GRANTED** in the modified amount of $1**,358.50**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written

objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 30, 2013**                         /s/ Jennifer L. Thurston
                                                   UNITED STATES MAGISTRATE JUDGE